This is Capital City Home Loans v. Mary Darnell. Keisha Darlisa Rice is here for the appellate. Darnell Charles Bachman is here for Capital City Home Loans. And Ms. Rice, you may begin when you're ready. Good morning, and may it please the Court, we're here today to tell you that the default in this case was improper. In the event that your questions or discussions go past that, we are here to talk about the way that the damages were calculated, how they were allocated into attorney's fees and damages and exemplary status. So that means that, at least for oral argument, what is your position regarding the district court's credibility determination with respect to service of process? Because if we're just going to focus on whether or not the remedy was accurate, does that mean there is some kind of concession as to the entry of the default? Your Honor, actually, no, and I am prepared to talk about that. I just didn't know. Please do. Okay. Absolutely. Our position is certainly that the plaintiff did not perfect service initially. Once we entered into the case, there was a hearing in which the trial court actually sat down and talked with the defendant, found out why exactly there was an argument that service wasn't perfect, and got the opportunity to ask a lot of questions. As you've noted in some of the earlier cases today, the trial court is in a very good position to kind of look at credibility, look at whether or not service was perfected. Well, the court, I mean, just to get to the heart of the matter, the court conducted an evidentiary hearing. It considered Ms. Darnell's son's affidavit. It considered her testimony and determined they're not credible and that they lied. He lived at the address. The son lived at the address. His driver's license listed the address. His photo registration card listed the address. His clothes were at the address. It seems pretty clear that the credibility determination that was made by the district court is correct. Yes, Your Honor, and looking at it that way, we completely understand the court's position. However, if there was a credibility problem, we believe that the trial court should have asked additional questions. For example, just in the instances that you mentioned, the clothes being there. There was an easy explanation for the clothes being there. That was partially invalidated. Her son was visiting her. He had, at some point in the past, lived there. But I'm sorry to interrupt, but the problem is you have to show that the district court's findings were clearly erroneous. So maybe we can sort of home in on that issue. What about the district court's findings that she was served make that finding clearly erroneous? In other words, I think we've said to be clearly erroneous it needs to be, like, contrary to the laws of nature, et cetera. So what about that finding makes it clearly erroneous? Your Honor, she did not receive service at all. But what can we point to in the record to show that the district court's credibility finding in not accepting her testimony, that she did not receive service ever, and instead noting that she used the word served in docket entry 20-6 and that she otherwise wasn't credible, what can we look at in the record that will show that those things were clearly erroneous? In addition to the affidavit, I'm not sure in her testimony, I'm not really sure what else that... Well, her affidavit and her testimony conflict with conflicting facts in both. I mean, it seems pretty clear that the district court's determination that they lied about whether or not process was served through the mail here, it's pretty clear that it's not clearly erroneous. Your Honor, from the defendant's position, she's arguing that there wasn't a conflict in the explanations that were given. The explanations that were given were consistent with what was in the affidavit. And so from her position... Don't you also, in order to prevail on 60B4 motion, don't you also have to show that you have a meritorious defense? Your Honor, so in the event that we get to the determination of whether or not the default should be set aside, absolutely. What would be her meritorious defense? So in this case, her meritorious defense would be that the document, the builder list, which is what we'll call it from here, of course, other documents that were included, but that the builder list was not a trade secret. And there are so many fact-specific things that need to be pled, even in the event of a default, as the trial court goes through, that help determine what the damages should be. So you can have entitlement to damages, but if it's not pled with particularity, you can't necessarily tie those damages to your preferred relief. And so what you end up with is if the trade secret—and again, because I'm taking the position of once we have the default, that liability is assumed and we're going past that. Once you have—once you get to that point, your ability to tie the misappropriation to the trade secret presents an instance in which there is basically a multiplier effect. So if you don't have evidence presented in the claim that shows exactly how you were harmed, it makes it difficult for the court to award the damages. And so the absence of that evidence makes it such that even if you did have a trade secret, which once we get to that point with the default, we had to assume that that was the case. If you still don't have damages that can be tied necessarily through the record to that misappropriation, then you still have zero damages, which seems like an unusual position, but I'm happy to talk about that further if the court would like. Well, with your limited time, Counselor, maybe we can go ahead and talk to the actual damages issue. It comes across to me that the main concern that Ms. Darnell has is that she was charged with paying fees that were accrued by a law firm but for work that was not litigation necessarily related. Can you please unpack that argument for me? Yes, Your Honor. So the position on the damages is it has – there are definitions under both the federal and the state trade secret acts which have definitions for attorney's fees and have definitions for damages. And because there are distinct definitions, they are assumed to be the framework for which you have to prove either one. So if something is blatantly called an attorney's fee, the statute provides for that. You can't really have evidence that shows what the damage was. So you could very well have a case in which attorney's fees could be awarded. There may be little to no damages. And I think that even in the event that we take the worst-case scenario from the defense position that there was maliciousness and willfulness and we attach punitive or exemplary status to it, it would still be attached to the damages, which again are multiplied times zero. So we're not looking for a situation in which the defendant, once you get to default, has been found liable for doing this and gets away scot-free if that's the court's position, again, assuming that once we get past the default and assume liability. But we do believe that the attorney's fees should be in a separate category from the damages. And we do believe that simple procedure establishes who is the prevailing party, whoever won in this case the default, and gives their entitlement to fees. However, the damages are the harm of the misappropriation. And once an investigation is performed and it's determined that there was no harm as defined under the statute, then unfortunately, and the case law shows that it's difficult to award any damages in that instance. Does that answer? Thank you. All right. Thank you, Ms. Rice. And you've reserved some time for rebuttal. And we'll hear from Mr. Bachman. Good morning, Your Honors. My name is Charles Bachman and I represent the plaintiff in this case, Capitol City Home Loans. We ask that you affirm the trial court's decision because we believe it was right with respect to all of the aspects raised on the appeal. First, as of the service issue, as the court mentioned, the standard is clearly erroneous. And there's simply nothing that the defendant can point to to show that the trial court's finding that the plaintiff was, in fact, served is clearly erroneous. The trial court went through both at the hearing and in its order and identified significant credibility problems with the defendant's testimony, including some of the things Your Honors mentioned. Also, one other I think was a huge credibility problem for her at the hearing was her testifying that she was unaware of the lawsuit for about nine months when there were emails introduced sending her the lawsuit. And she's responding to those emails and talking about the lawsuit. She said there was some credibility with the court, and I think the court's finding about service was right. Also, I just want to point out that this wasn't the court just questioning Ms. Darnell. It was a contested hearing where the defendant's lawyers were present and were able to introduce any documents or evidence they wanted to. So it was certainly a full and fair hearing for her to put her information out in a court found against her. And without a finding that there's something clearly erroneous, there's no basis because the court found that her default was willful. And if you had a willful default, there's not a way to set that aside. The second issue that was raised in the brief was about whether the information she took constitutes trade secrets. I do want to point out she only argues whether or not it constitutes trade secrets for purposes of the Federal Defend Trade Secrets Act. Her argument isn't presented. It's also arguing about whether it constitutes a trade secret under the FLARA Act. So at the very least, I don't think there's even been an appeal of the finding it violates the FLARA Act. But as the district court found, the type of information that she took, customer files, information about those customers, contracts, and other things have been consistently found to be trade secrets. Probably the most on-point case is the Eighth Circuit's decision in Conseco. Do we even have to address that part of it? I know Counselor on the other side spent a lot of time talking about whether or not damages had been established. But we're at a default now, and Ms. Darnell has at least theoretically accepted that. So do we even need to address that issue if we find that the default was valid because the district court didn't find her argument that she wasn't served credible? Well, do you think there's still potentially an issue about whether the information that was taken violates the statute? And I'm not really sure that's something that the- How is that, though? I mean, feel free to argue it if you want to, but if there's a default, why would we go into the merits of a case that she's already been held to have defaulted on? Well, I feel like I'm digging myself a hole here because I don't- If the court's opinion is there doesn't need to be, and I don't hear the defendant arguing otherwise, I certainly don't want to make that case. She's in default. She's admitted the facts as alleged in the complaint, and I think those facts establish a violation of the Defend Trade Secrets Act and the Florida Unfair Trade Secrets Act. They had contended that they, at some point, tried to argue that these statutes weren't violated, but I think it's clear they, in fact, were. Are we even- I mean, if there's been a- I guess this is a procedural question for you. If there's been a default, why would we examine the merits? If there's been a default on the merits, why do you get to the merits? Well, I don't think you do. That's what they've argued, and so I just was kind of addressing the argument that's at least presented given some- I understand if you want to address it. I was just confused because I thought you said that even if there's a default, we still have to get to the merits. Well, I think part of the merits is the damages issue, right, because damages is an element of these claims, and the issue that kind of came up is the parties stipulated that the plaintiff had incurred a certain amount of attorney's fees, which we stipulated to, for not fees associated with litigating this case, but fees associated with investigating the defendant's conduct and remediating the problems caused by that conduct. And you hired a law firm, though, as opposed to, I don't know, a non-attorney forensic analyst to do that work? I guess I'm just wondering what import there is to the fact that there were attorneys who did this with legal knowledge to perhaps consult Capital City Homes, that therefore their findings could support litigation, which is more like attorney-client communication. The point that we can make in addition to what I reiterate here is the fact that the company hired attorneys to do that investigative work as opposed to a forensic accountant or just a third-party consultant is, in my mind, really immaterial. It's about what work was done. These aren't litigation fees. This is the investigation to try to understand what happened here. And so we're not asking, we're not contending, we're trying to recover the fees associated with litigation, but the fees associated with investigating and remediating the problems that were caused by the defendant's actions in this case. Would those be recoverable, though, even if you had hired investigators instead of attorneys? Absolutely. That's really our main point in all this. But this is pre-litigation. Correct. This has nothing to do with the litigation. None of the fees that we saw as damages and that were awarded to us are associated with the lawsuit. It's associated with having to correct, investigate, and take action because of the defendant's action in this case. And yet, whether these costs were incurred from a forensic accountant or anybody else, these are damages when the plaintiff would not have to have incurred those costs but for the defendant's actions in these cases. And I think when you look at some of the cases that we cite in the restatement, that talks about having kind of a flexible approach to damages based on the case and that the plaintiff is entitled to recover, this is the Restatement of Unfair Competition, Section 45, any proven pecuniary loss attributable to the appropriation of the trade secrets, including, quote, the cost of remedial efforts. Why did you have that work done by a lawyer as opposed to an accountant or whatever the case might be? Well, I think some of it was just that was who, I don't know. I mean, I'm not the company. I don't know why they engaged lawyers as opposed to somebody else. I think they were concerned about legal risk associated with this particular case where you have a plaintiff. So why should they get paid the full amount, assuming that they should get paid and this is damages, which I'm not saying that it is, but why should they get paid the full lawyer amount? You know, their lawyerly salary, end of a long week. Why should they get paid their lawyerly salary instead of, you know, what they would have been paid if it's less if they were not lawyers? Well, I don't know why it would not be appropriate to engage legal counsel to do this type of investigatory and remediation effort when you have a defendant who has stolen Social Security numbers, credit cards, W-2s. There's a lot of legal risk associated with the taking of that type of information, both because of identity fraud, because of banking and mortgage regulations. And so, you know, having an attorney's eyes do this, and again, we're not talking about... But then why isn't it sort of work done in anticipation of litigation? Well, I think they stipulated this was investigatory and remediation work. It wasn't part of the litigation itself. But I think, to me, part of the point is asking the other question. Who stipulated to that? The defendant. All right. And that stipulation has a period at the end and says, and could not be anything else? Because you've just talked, I think you've used the phrase legal risk a couple of times, which again suggests to Judge Rosenbaum's question that it was more like pre-litigation work that would make sense for an attorney to do and then be compensated as attorney's fees. Well, I'm just assessing the legal risk associated with this case or potential case against Ms. Starnell. But assessing regulatory risk, assessing risk of other customers, assuming that's associated with... That's all legal work, though. That's not damages. How is that damages? Well, the only reason that work needed to be done was because of the defendant's actions. Well, I mean, that doesn't make all of your attorney's fees damages. You could say the only reason that all of this had to be done, including the litigation, was because of the defendant's actions, but it doesn't mean that all of it is then damages. I think it's fair. That's why we're not contending the legal fees associated with this litigation. Right. So I guess I'm asking you, how do you draw that line? The line was the time that was spent investigating, trying to understand what happened. What did she take? When did she take it? And then determining what does that mean? Do we have to report this to banking regulators? Do we have to report it to mortgage regulators? Do we have to send any type of notice out to the customers whose information was taken? Do we need to offer credit monitoring? Those types of fees are what we had sought. And again, the defendant, as part of the pretrial stipulations, acknowledged this was investigatory and remediation, not litigation. And I guess the point to me is, had we had somebody else do this, a third-party consultant, a forensic investigator, I don't think people would be asking these questions because those would, to me, seem more clearly damages. The fact that you had an attorney do that and not a non-attorney, I don't think changes the nature or the reason why these costs were incurred and why they're recoverable in this situation. All right. I think we have your argument. Thank you, Mr. Backman. Thank you. Ms. Rice, you've reserved some time for rebuttal. Yes, sir. To address your concerns about the attorney's fees and the distinction that we're trying to make, when looking at the cases that look either at the federal statute or the Florida statute, most times those investigations are performed by professionals in a particular area. And even some of the examples that counsel just gave could have been performed by a forensic accountant, for instance, especially because it's a bank. But to argue that the investigation pre-litigation and associated tasks are outside of what a lawyer normally does pre-litigation and, as such, charges pre-litigation fees, I think goes a little bit further than the definition and what companies are doing under the Act when they do perform these investigations and who they do hire. So our position with the situation is absolutely that's the amount and absolutely perform the investigative services and all of that. But to the extent that, and now these are damages, that's not at all defended standards. But if Capital City Homes had hired a forensic accountant, is it Ms. Darnell's position that she wouldn't have a defense against paying these fees? Is it because it was an attorney, a law firm that did it, makes it problematic? Not that she wouldn't have to pay fees. Certainly, I think all the cases say that if it's established, and again, we're starting at default and liability has been established. If the defendant did this, the defendant's not going to be rewarded in any kind of way for doing that. And so yes, they certainly have to compensate the plaintiff. However, in the event of the forensic accountant, the case law states that that is a cost that the bank can use for its damages. That's evidence that it's using in determining whether or not the case, or I'm sorry, whether or not the, one, there was a misappropriation, and two, that the misappropriation was of attorney secret and to determine the amount of the damages. And so in this case, again, we're not talking about entitlement to attorney's fees, because once you have gotten past the, you're at the default stage, they're a prevailing party, so they're going to get attorney's fees. But to the extent that they can call those attorney's fees damages, when both statutes specifically allow for damages and have to be tied specifically to the misappropriation and the fact that it is a trade secret, in a way they were inconvenienced or damaged, that's more under what the damages take into consideration. So, sorry to interrupt, but is it your concern, then, that because the FTSA attorney's fees provision doesn't actually mention prosecuting the suit and is kind of broad, that they might be able to recover for those same fees twice, that is, once as damages and once as attorney's fees under the FTSA attorney fee provision, if we don't sort of draw this line? Is that what your concern is? Yes, that is part of the concern. But the other concern is that the case law also is very specific in the high standard that one has to prove in order to show, in order to attach the actual evidence to the harm of the misappropriation of the trade secret, so that you have damages. And unfortunately, in the event that you can't show where you have been harmed, and the plaintiff went through an exhaustive process with the trial court, over and over asking, well, what about this? And even with the example of the W-2s, there are plenty of instances in which those W-2s and additional information, yes, have been determined as trade secrets, but also have not in situations where there was no manipulation of that data. It was just a repository. Sometimes, unless the repository is very specific, in the way that it's organized and the way that it's holding the information, sometimes it's not a trade secret. And so, again, if there's an evidentiary ruling in which that calculation ends up being multiplied times zero, you have no, you can't prove your damages. And I think with respect to the amount of damages, that's where the trial court was looking. Thank you. All right, we have your arguments. Thank you, counsel. And the court is in recess until 9 o'clock tomorrow morning.